UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| SHANE D. WALIEZER,<br><br>Petitioner,<br><br>vs.<br><br>BRAD HOWELL, Codington County Sheriff,<br><br>Respondent. | 1:21-CV-01033-CBK<br><br>ORDER |

Petitioner, a pretrial detainee at the Codington County jail in Watertown, South Dakota, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner contends that the South Dakota Circuit Court improperly denied his motion to dismiss his pending state court case on the grounds that his prosecution violates the Double Jeopardy Clause of the United States Constitution.

Petitioner has filed a motion to proceed *in forma pauperis*. I find that petitioner is indigent. Petitioner must nonetheless pay the $5 filing fee in this case. 28 U.S.C. § 1914(a).

## BACKGROUND

Petitioner is being held on state court charges of aggravated assault by choking, sexual exploitation of a minor, interference with emergency communications, domestic abuse simple assault – intentionally causing bodily injury, and violation of a court order. South Dakota Circuit Court, Third Judicial District, Codington County, 14CRI15-000092. I take judicial notice of the South Dakota state court records involving petitioner, which are available through the Unified Judicial System's eCourts portal.

Petitioner pleaded guilty but mentally ill in 14CRI15-000092 in March 2015 to an information charging aggravated assault and sexual exploitation of a minor. The pleas

were accepted but subsequently withdrawn because no psychiatric examination and report had been received as required by state law. In May 2015, he pleaded no contest to the two charges and was sentenced to a total sentence of 17 years imprisonment.

In October 2015, petitioner filed a state court petition for a writ of habeas corpus challenging his May 2015 no contest plea, 14CIV15-000338. In September 2017, petitioner entered into a stipulation and agreement to resolve the habeas proceeding and a writ of habeas corpus issued directing that he be returned from the state penitentiary to the Third Judicial Circuit, Codington County, for further proceedings. He was released on bond in his criminal case pending a psychiatric examination.

In August 2020, petitioner filed, in the state court criminal case, a motion to dismiss on the grounds that prosecution was barred by the prohibition on placing him in double jeopardy. The motion was denied on November 5, 2020. On February 26, 2021, the South Dakota Supreme Court denied the allowance of an intermediate appeal.

On February 17, 2021, a petition to revoke bond was filed in the state court criminal case on the basis that Waliezer was charged with attempted first-degree assault and stalking in Washington state court. Realizing that no actual findings of fact or conclusions of law had ever been entered in the habeas case 14CIV15-000338 in 2017 after the writ was granted, on February 25, 2021, the state habeas judge issued an "Order granting Habeas Relief," ordering that the case is "remanded back to the criminal court in Codington County criminal file 14CRI15-000092 for further proceedings." Of course, such proceedings had already been ongoing in the criminal case.

Petitioner filed a *pro se* motion to dismiss the criminal case on the grounds of double jeopardy in March 2021. He thereafter flooded the criminal file with *pro se* motions, briefs, petitions, and letters. There is no record that his *pro se* motion to dismiss was either granted or denied.

In July 2021, petitioner filed a petition for a writ of habeas corpus in state court, 14CIV21-000214, challenging what transpired as to the settlement of his 2015 habeas case. The state court dismissed the petition by letter dated July 20, 2021, on the basis that petitioner was not then in custody as a result of his 2015 charges. Waliezer was

2

extradited back to South Dakota in September 2021 and is now in custody on the 2015 charges of aggravated assault by choking, sexual exploitation of a minor, interference with emergency communications, domestic abuse simple assault – intentionally causing bodily injury, and violation of a court order. His 2021 habeas case in state court was reopened and is pending.

Upon his return to custody in South Dakota in September, petitioner filed another state court petition for a writ of habeas corpus, 14CIV21-000295, on the grounds that he is being detained in violation of the Double Jeopardy Clause. The state court judge sent an email to two deputy clerks of court advising them that the documents should be filed in the pending state court habeas file, 14CIV21-000214. The new case was closed without any order having been entered. A case may not be closed without a formal order of some kind.

Petitioner has now filed supplemental documents in this case alleging that he is being held in pretrial detention in Codington County in violation of the Double Jeopardy Clause, also challenging the State Court's failure to rule on his many *pro so* motions filed in his state court criminal case. It appears from the state court records that petitioner's attorneys withdrew in both his criminal and habeas cases and there had been some difficulty in securing substitute attorneys for petitioner which attorneys did not have a conflict. Substitute counsel was appointed in Waliezer's pending state court habeas case on November 22, 2021, and in his pending state court criminal case on November 18, 2021.

## DECISION

"The Double Jeopardy Clause of the Fifth Amendment provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'" Justices. of Boston. Mun. Ct. v. Lydon, 466 U.S. 294, 306, 104 S. Ct. 1805, 1812, 80 L. Ed. 2d 311 (1984). "This guarantee is applicable to the States through the Fourteenth Amendment." *Id.*

> Our cases have recognized three separate guarantees embodied in the Double Jeopardy Clause: It protects against a second prosecution for the

3

> same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense. The primary goal of barring reprosecution after acquittal is to prevent the State from mounting successive prosecutions and thereby wearing down the defendant. . . .The underlying idea, one that is deeply ingrained in at least the Anglo–American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

Justices. of Boston. Mun. Ct. v. Lydon, 466 U.S. at 306–07, 104 S. Ct. at 1812–13 (internal citations and quotations omitted).

The United States Supreme Court has held that the denial of a motion to dismiss an indictment on double jeopardy grounds is a final order for the purposes of federal appellate jurisdiction. Abney v. United States, 431 U.S. 651, 660, 97 S.Ct. 2034, 2040, 52 L.Ed.2d 651 (1977). Relying upon Abney, the Supreme Court held in in Lydon that a state court defendant could file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the basis that the state court had denied his claim that his prosecution would violate his right not to be twice placed in jeopardy.

> Because the Clause protects interests wholly unrelated to the propriety of any subsequent conviction, a requirement that a defendant run the entire gamut of state procedures, including retrial, prior to consideration of his claim in federal court, would require him to sacrifice one of the protections of the Double Jeopardy Clause. . . . Section 2254(b) specifically allows for the issuance of habeas writs when circumstances exist rendering state process ineffective to protect the rights of the prisoner. In the circumstances of this case, there are no more state procedures of which Lydon may avail himself to avoid an allegedly unconstitutional second trial.

Justices. of Boston. Mun. Ct. v. Lydon, 466 U.S. at 303 and n. 4, 104 S. Ct. at 1810 and n. 4 (internal citations and quotations omitted). *Accord*, Palmer v. Clark, 961 F.2d 771, 774 (8th Cir. 1992) ("It is well established that federal district courts can entertain pretrial habeas petitions in which the petitioner asserts an impending state trial violates the Double Jeopardy Clause. Lydon, 466 U.S. at 303, 104 S.Ct. at 1810-11"). *See also,*

4

Satter v. Leapley, 977 F.2d 1259, 1261 (8th Cir. 1992) ("A claim that a state prosecution will violate the Double Jeopardy Clause presents an exception to the general rule of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), that federal courts abstain from interfering with state criminal proceedings.").

Palmer v. Clark was instituted under 28 U.S.C. 2241. Relief may be sought under § 2241(c)(3) by a state prisoner who "is in custody in violation of the Constitution or law or treaties of the United States." It matters little which provision habeas relief is sought under in this case. Generally pretrial detainees proceed under §2241 because § 2254 requires the petitioner to show that he is in custody pursuant to a state court judgment. 28 U.S.C. § 2254(a). However, as set forth above, the United States Supreme Court treats an order denying a motion to dismiss that raises a double jeopardy claim as a final order conferring habeas jurisdiction upon the federal district courts. Abney, supra.

**ORDER**

Based upon the foregoing,

IT IS ORDERED:

1. The motion, Doc. 7, to proceed *in forma pauperis* is granted. Petitioner shall pay through the Clerk of Court in Pierre, South Dakota, the $5.00 statutory filing fee for the above-captioned habeas action.

2. The Clerk of Court shall serve by certified mail a copy of the petition and this order upon the respondent and the Codington County States Attorney.

3. The respondent shall serve and file an answer or responsive pleading to the petition, together with a legal brief or memorandum in support thereof, on or before thirty days following service of the petition.

DATED this 24th day of November, 2021.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

5