UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

FILED
DEC 17 2021

| | |
|---|---|
| SHANE D. WALIEZER,<br><br>Petitioner,<br><br>vs.<br><br>BRAD HOWELL, Codington County Sheriff,<br><br>Respondent. | 1:21-CV-01033-CBK<br><br>ORDER |

    Petitioner, a pretrial detainee at the Codington County jail in Watertown, South Dakota, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, contending that his state court prosecution is in violation of the Double Jeopardy Clause. I ordered the respondent to serve and file an answer or other responsive pleading to the petition on or before 30 days following service of the petition. Plaintiff filed a motion to correct the order, contending that I had erred in not ordering the respondent to file a return within three days.

    28 U.S.C. § 2243 provides, in part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

The strict time requirement for return of a writ was part of the Revised Statutes, which existed prior to the compilation of the United States Code in 1925. *See* Revised Statutes §§ 755, 756 (1867). The provision was eventually amended and recodified in 1948.

The United States Supreme Court proposed Rules Governing § 2254 Cases and § 2255 Proceedings and such rules were approved by Congress in 1976. Pub. L. 94-426, 90 Stat. 1334. Pursuant to Rule 1(b) of the Rules, this Court may apply the § 2254 Rules to § 2241 petitions.

Rule 4 of the Rules Governing § 2254 Cases provides, in part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The Advisory Committee notes to the adoption of Rule 4 provide:

> In the event an answer is ordered under Rule 4, the court is accorded greater flexibility than under § 2243 in determining within what time period an answer must be made. Under § 2243, the respondent must make a return within three days after being so ordered, with additional time of up to forty days allowed under the Federal Rules of Civil Procedure, Rule 81(a)(2), for good cause. In view of the widespread state of work overload in prosecutors' offices (see, e.g., [Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970)]), additional time is granted in some jurisdictions as a matter of course. Rule 4, which contains no fixed time requirement, gives the court the discretion to take into account various factors such as the respondent's workload and the availability of transcripts before determining a time within which an answer must be made.

Rules Governing Section 2255 Cases in the United States District Courts, Rule 4, Advisory Committee Notes on the 1976 Adoption.

Rule 4 is not contrary to 28 U.S.C. § 2243 and this Court's order that the respondent answer within 30 days of service of the petition is not contrary to § 2243. When considering an application for a writ of habeas corpus, this Court "may without issuing the writ consider and determine whether the facts alleged by the petition, if proved, would warrant discharge of the prisoner." Williams v. Steele, 194 F.2d 32, 34 (8th Cir. 1952) (quoting Ex parte Quirin, 317 U.S. 1, 24, 63 S. Ct. 2, 9, 87 L. Ed. 3 (1942)). No writ or order to show cause issued within the meaning of § 2243 and no such writ or order was required to be issued upon initial consideration of the petition.

Now, therefore,

IT IS ORDERED that petitioner's motion, Doc. 21, to correct is denied.

DATED this 17th day of December, 2021.

                                        BY THE COURT:

                                        CHARLES B. KORNMANN
                                        United States District Judge